UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------

WHAT DO YOU MEME, LLC

           Plaintiff,

v.

LIWEI SONG

           Defendant.

------------------------------------------

Civil Action No. 25-cv-5577

## COMPLAINT

The Plaintiff, What Do You Meme, LLC (hereinafter, "Plaintiff") by and for its complaint against Defendant, Liwei Song ("Defendant") hereby alleges and states:

## INTRODUCTION

1.    This is an action for Copyright Infringement, 17 U.S.C. § 101, et seq. and Trademark Infringement pursuant to the Lanham Act §32(1), 15 U.S.C. §1114(1)(a), and for False Designation of Origin, False Advertising, and Unfair Competition arising under the Lanham Act §43(a), 15 U.S.C. §1125 and for common law trademark infringement under the laws of the State of New York.

## PARTIES

2.    Plaintiff, What Do You Meme, LLC is a limited liability company, located at 233 Spring Street, 5th Floor West, New York, New York 10013.

3.	Upon information and belief, Liwei Song is a Chinese individual with a principal place of business located at No. 3203, Unit 2, Building 5, Evergrande Oasis, No. 15 Alishan Street, Shijiazhuang City, Gaocheng District 052165, Hebei Province, China.

## JURISDICTION AND VENUE

4.	This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 as it involves claims presenting federal questions under 15 U.S.C. §1121(a) (actions arising under the Lanham Act have original jurisdiction in federal courts), and 15 U.S.C. §§1114, §1125 and 17 U.S.C. 101. This Court also has supplemental jurisdiction over the asserted claims of common law Trademark Infringement, and Unfair Competition, pursuant to 28 U.S.C. §1367(a), because such claims are so related to those claims under which the Court has jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

5.	This Court has personal jurisdiction over Defendant because Defendant regularly transacts, does, and solicits business in this judicial district, including by offering to sell, or causing to be offered for sale, and/or selling products and/or services in this district, including the infringing products at issue in this lawsuit, and/or because Defendant has committed tortious acts within this jurisdiction and has caused injury to Plaintiff in this district as alleged further herein and because Defendant operates retail locations in this District. Furthermore, Defendant has consented to the jurisdiction of this Court under 17 U.S.C. § 512(g)(3)(D).

6.	Venue is proper in this District pursuant to 28 USC §1391(b) because a substantial part of the events giving rise to the claims in this action occurred in this District and Plaintiff resides in this District.

2

## FACTUAL BACKGROUND

### The Parties

7. Founded in 2016 in New York City, Plaintiff is an entertainment consumer product company driven by the digital age and inspired by pop culture. Plaintiff's business focuses on products that customers can relate to — things that make people feel good, get them to hang out together, and just have a good time.

8. Plaintiff has a portfolio that features over 150 unique products, including a wide array of adult party games as well as family-friendly games, kids' games, outdoor games, plush toys, and more.

9. On information and belief, Defendant is a Chinese individual that operates an Amazon.com storefront under the trade name "Ausener."

### Plaintiff's EMOTIONAL SUPPORT Trademarks and Copyrights

10. One of Plaintiff's most successful line of goods is its EMOTIONAL SUPPORT line of plush products, which include products sold under the Plaintiff's trademarks EMOTIONAL SUPPORT, EMOTIONAL SUPPORT PALS, EMOTIONAL SUPPORT FRIES, EMOTIONAL SUPPORT NUGGETS, EMOTIONAL SUPPORT STRAWBERRIES, EMOTIONAL SUPPORT DUMPLINGS, EMOTIONAL SUPPORT FLOWERS, EMOTIONAL SUPPORT CHICKIES, EMOTIONAL SUPPORT MUSHROOMS and EMOTIONAL SUPPORT PIZZA, among others (collectively "EMOTIONAL SUPPORT Marks").

11. Plaintiff's EMOTIONAL SUPPORT products reached immediate success and quickly reached millions of dollars in sales.

12. Through significant investment in marketing its EMOTIONAL SUPPORT brand of plush toys, including spending millions of dollars in marketing and advertising, Plaintiff has obtained wide public recognition and goodwill for these brands.

13. Some of Plaintiff's popular EMOTIONAL SUPPORT branded products are depicted below:



14. Plaintiff's online and social media marketing efforts for its EMOTIONAL SUPPORT brand has reached an incredibly broad audience with hundreds of millions of consumer impressions creating secondary meaning that identifies Plaintiff as the source of these products.

15. In addition to its extensive common law rights, Plaintiff is also the owner of US Registration Nos. 6,902,855 for the mark EMOTIONAL SUPPORT FRIES®, 7,497,419 for the mark EMOTIONAL SUPPORT, and 7,566,639 for the mark EMOTIONAL SUPPORT PALS for stuffed and plush toys (collectively "Plaintiff's Registered Marks"). A copy of Plaintiff's registration certificates for the Registered Marks are attached as Exhibit A.

16. Plaintiff's registration is prima facie evidence of: (a) the validity of the registered mark; (b) the validity of the registration of the mark; (c) Plaintiff's ownership of the mark; (d) Plaintiff's exclusive right to use the registered mark; and (e) that the mark is not a generic name.

17. Plaintiff is the copyright owner of several images depicting its EMOTIONAL SUPPORT products ("Copyrighted Works").

18. The Copyrighted Works are wholly original, and Plaintiff is the exclusive owner of all right, title, and interest, including all rights under copyright, in the Copyrighted Works.

19. Plaintiff is the owner of more than 15 valid and subsisting United States Copyright Registrations for its EMOTIONAL SUPPORT products and images, including Registration Nos. VA 2-382-936, VA 2-408-291, VA 2-420-334, and VA 2-439-809 for the Copyrighted Works, issued by the United States Copyright Office, with an Effective Date of Registration of January 3, 2024, May 30, 2024, September 3, 2024, and December 19, 2024, respectively. Attached as Exhibit B is a true and correct copy of the registration certificates for the Copyrighted Works.

**Defendant's Infringing Activities**

20. Defendant markets, offers for sale and sells a line of plush toys (the "Infringing Products") on Amazon.com under the trademark EMOTIONAL PLUSH SUPPORT. Two of the designs used by Defendant are (a) a plush product consisting of five plush chicken nuggets sold in a plush basket marketed under the trademark EMOTIONAL NUGGETS SUPPORT and (b) a plush product consisting of five pizza slices marketed under the trademark EMOTIONAL PIZZA SUPPORT (collectively the EMOTIONAL PLUSH SUPPORT and EMOTIONAL PIZZA SUPPORT are referred to as the "Infringing Trademarks").

21. Plaintiff's use and rights in its EMOTIONAL SUPPORT Marks and Plaintiff's Registered Marks predate any trademark rights that Defendant can claim in the Infringing Trademarks.

22. Defendant's use of the Infringing Trademarks to promote and sell its own plush toy products is without the approval or authorization of Plaintiff.

23. Defendant's conduct and use of the Infringing Trademarks is likely to cause and, upon information and belief, has caused consumers to believe mistakenly that the Infringing Products are either affiliated with, endorsed or authorized by, or somehow connected to Plaintiff.

24. The Infringing Products also infringe Plaintiff's copyright protected works.

25. Copies of the Infringing Products, shown next to Plaintiff's Copyrighted Works, are depicted below:

| Plaintiff's Registered Image | Name of Work | Copyright Reg No. | Defendant's Infringing Image |
|---|---|---|---|
|  | ES Nuggets in Basket 1 | VA 2-439-809 |  |
|  | Emotional Support Nuggets in Container | VA 2-382-936 |  |
|  | ES Pizza 1 | VA 2-439-809 |  |
|  | ES Pizza 2 | VA 2-439-809 |  |

6

26.     On information and belief, Defendant obtained physical possession of or otherwise viewed Plaintiff's Copyrighted Works, which contain the EMOTIONAL SUPPORT Marks and Plaintiff's Registered Marks, and intentionally copied and/or made derivative works of the Copyrighted Works to create the Infringing Works, which were sold under the Infringing Trademarks.

27.     The Infringing Products are offered for sale throughout the United States, including into this judicial district, through online retailers such as Amazon.com.

28.     That Defendant copied the Copyrighted Works when it created the Infringing Products is evidenced by the striking similarities between the Copyrighted Works and the Infringing Products, which cannot possibly be explained other than as a result of copying and Defendant's access to the Copyrighted Works as a result of the widespread dissemination of the Copyrighted Works in the United States and the numerous and substantial similarities between the parties' works.

29.     The fact that the Infringing Products are sold and marketed using the Infringing Trademarks, which are confusingly similar to the EMOTIONAL SUPPORT Trademarks, is further evidence that Defendant was aware of Plaintiff and the Copyrighted Works prior to creating, marketing, and/or selling the Infringing Products.

30.     Defendant copied the Copyrighted Works bearing the Infringing Trademarks without Plaintiff's authorization, consent, or knowledge, and without any remuneration to Plaintiff.

31.     Defendant did not seek, and pay, for a license to use the Copyrighted Works or the Infringing Trademarks.

32.     After Defendant copied the Copyrighted Works to create the Infringing Works, it exploited the Infringing Works to promote its own products and increase its own sales, thereby securing a financial windfall for the unauthorized use of Plaintiff's property and rights.

33.     As a result of Defendant's actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, distribution, and public display of the Infringing Works. Defendant has never accounted to, or otherwise paid, Plaintiff for its use of the Copyrighted Works.

34.     On or about June 6, 2025, Plaintiff submitted a notice under the Digital Millenium Copyright Act alleging that the Infringing Products violated Plaintiff's rights in the Copyrighted Works.

35.     On or about June 24, 2025, Defendant submitted a counter-notice under the Digital Millenium Copyright Act, disputing that the Infringing Products violated Plaintiff's rights in the Copyrighted Works, and consenting to the jurisdiction of this Court for any dispute relating to the same.

36.     Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

37.     Defendant's conduct is willful, intentional, and represents a conscious disregard for Plaintiff's rights in the EMOTIONAL SUPPORT Trademarks and the Copyrighted Works

38.     Defendant's continued infringing activity is willful.

## COUNT I
## FEDERAL COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 501

39. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

40. The Copyrighted Works are original works of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq.

41. Plaintiff is the exclusive owner of rights under the US copyright laws in and to the Copyrighted Works.

42. Plaintiff owns valid copyright registrations for the Copyrighted Works, attached as Exhibit B.

43. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution and public display of the Infringing Works, which is copied from, derivative of, and/or substantially similar to Plaintiff's Copyrighted Works, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

44. On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Works, and has enabled Defendant illegally to obtain profit therefrom.

45. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales deriving from the Infringing Works and products incorporating or embodying the Infringing Work, and an accounting of such profits.

46. Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each of the no less than four Copyrighted Works that were infringed by Defendant and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

47. Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

48. As a direct and proximate result of the Defendant's infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

49. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Copyrighted Works. Plaintiff therefore is entitled to permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

**COUNT II**
**TRADEMARK INFRINGEMENT**
**15 U.S.C. §§1114 and 1117**

50. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, inclusive, of this Complaint and the acts of Defendant asserted therein as if fully recited in this paragraph. This claim is for trademark infringement against the Defendant for

its advertising and offering for sale counterfeit stuffed toy products under the Infringing Trademarks.

51. Without the consent or authorization of Plaintiff, Defendant has advertised the Infringing Trademarks for the Infringing Products in a manner such that consumers will believe such products are genuine EMOTIONAL SUPPORT branded products sold by Plaintiff.

52. Defendant is using the Infringing Trademarks without Plaintiff's consent or authorization, in a way which damages the Plaintiff and is likely to cause confusion, mistake, and deception as to the source or origin of the good and services offered by Defendant, giving the impression that the goods offered by Defendant are authorized or offered by, or affiliated with the Plaintiff, when in fact they are not.

53. Defendant's actions constitute infringement of Plaintiff's EMOTIONAL SUPPORT trademarks and Plaintiff's Registered Marks in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

54. On information and belief, the Defendant's goods are offered through the same or related trade channels as the Plaintiff's EMOTIONAL SUPPORT goods.

55. Upon information and belief, Plaintiff's and Defendant's goods are marketed and promoted to the same customers and category of customers.

56. On information and belief, Defendant's goods, including those promoted under the Infringing Trademarks are advertised and promoted through identical or highly related channels to those employed by the Plaintiff.

57. Defendant's acts create and further the likelihood that the public will be confused as to sponsorship, source, origin, affiliation, or association of the goods of Defendant.

58. Defendant is willfully infringing Plaintiff's EMOTIONAL SUPPORT Marks and Plaintiff's Registered Marks.

59. Defendant's adoption and use of the Infringing Trademarks infringes Plaintiff's rights in Plaintiff's EMOTIONAL SUPPORT Marks and Plaintiff's Registered Marks as a result of Defendant's use of the Infringing Trademarks in connection with the identical goods to those offered by Plaintiff under its EMOTIONAL SUPPORT Marks and Plaintiff's Registered Marks.

60. Such use by the Defendant is likely to cause confusion, mistake, or deception as to the Plaintiff's EMOTIONAL SUPPORT Marks and Plaintiff's Registered Marks.

61. Plaintiff is damaged as a result of Defendant's activities.

62. Defendant's activities, as aforesaid, are in violation of 15 U.S.C. §1114.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

63. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

64. This count is for common law trademark infringement of Plaintiff's trademark rights in Plaintiff's EMOTIONAL SUPPORT Marks, under the laws of the State of New York.

65. The Plaintiff has used, and has acquired considerable goodwill and distinctiveness, with regard to its EMOTIONAL SUPPORT Marks. The marks have been advertised and promoted and otherwise used in commerce, since at least as early as a date preceding any rights Defendant could claim in these marks.

66. Plaintiff has extensively used its EMOTIONAL SUPPORT Marks in commerce and has acquired a considerable and valuable goodwill for its marks. Relevant segments of the

public have come to associate Plaintiff's EMOTIONAL SUPPORT Marks with Plaintiff and Plaintiff's goods.

67. Defendant's adoption of the highly similar marks contributes to the likelihood that consumers will attribute goods offered under the EMOTIONAL SUPPORT Marks or terms as emanating from the Plaintiff.

68. Defendant's use of the highly similar EMOTIONAL SUPPORT Marks, for related and confusingly similar goods, as alleged above, is highly damaging to the Plaintiff and its marks.

69. Defendant's use of the EMOTIONAL SUPPORT Marks in conjunction with identical goods as the Plaintiff in the same or similar channels of trade without the Plaintiff's consent or authorization, irreparably damages the Plaintiff and is likely to cause confusion, mistake and deception as to the source or origin of the services and/or products sold and offered for sale by Defendant.

70. Defendant's infringement is willful.

71. Defendant's actions as aforesaid, damage and threaten to further damage the value of the Plaintiff's EMOTIONAL SUPPORT Marks and the goodwill associated with its trademark.

## COUNT IV
## FALSE DESIGNATION OF ORIGIN AND
## FALSE ADVERTISING UNDER THE LANHAM ACT 15 U.S.C. § 1125

72. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

73. This count arises under 15 U.S.C. §1125(a).

74. Defendant has used the Infringing Trademarks in a manner which is likely to cause confusion, mistake, or deception with Plaintiff's EMOTIONAL SUPPORT Marks and Plaintiff's Registered Marks by virtue of its prominent use thereof in connection with identical goods.

75. Consumers will believe that Defendant's goods in conjunction with the Infringing Trademarks are associated with, sponsored, and/or endorsed by the Plaintiff, when in fact they are not.

76. Defendant's use of the Infringing Trademarks erodes the connection between Plaintiff's EMOTIONAL SUPPORT Marks and Plaintiff's Registered Marks as being the single source for Plaintiff's goods offered under such marks. The Plaintiff's reputation has thus been and will continue to be subject to the perils and hazards which arise from Defendant's tortious activities, resulting in grave irreparable harm to Plaintiff and the consuming public.

77. Plaintiff has no control over the acts of Defendant, nor any responsibility for the acts of Defendant.

78. Defendant's acts create and further the likelihood that the public will be confused as to sponsorship, source, affiliation or association of the products of Defendant.

79. Defendant's use and/or association the Infringing Trademarks constitutes a false designation of origin, as consumers are likely to associate Plaintiff's mark with Defendant.

80. Defendant's use of the Infringing Trademarks constitutes false advertising leading consumers to believe that Defendant's goods originate from the Plaintiff when in fact they do not.

81. Defendant's acts under this Count are willful.

## COUNT V
## UNFAIR COMPETITION UNDER THE LANHAM ACT 15 U.S.C. § 1125

82. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

83. This count is for Unfair Competition in violation of 15 USC §1125(a).

84. Defendant's use of the Infringing Trademarks are without Plaintiff's consent is likely to cause confusion among consumers, particularly as this mark is confusingly similar to Plaintiff's EMOTIONAL SUPPORT Marks and Plaintiff's Registered Marks.

85. Defendant's use of the Infringing Trademarks unfairly capitalizes on the goodwill associated with the Plaintiff's EMOTIONAL SUPPORT Marks and Plaintiff's Registered Marks that Plaintiff has built through significant cost and effort.

86. By using terms that are confusingly similar to Plaintiff's EMOTIONAL SUPPORT Marks and Plaintiff's Registered Marks, Defendant is unfairly competing with Plaintiff by conducting business on the goodwill built by Plaintiff.

87. Plaintiff is harmed by Defendant's activities.

88. Defendant's acts under this Count are willful.

89. Defendant's acts constitute unfair competition.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by a Jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1.  THAT pursuant to 15 USC §1116 and the equity jurisdiction of this court, Defendant and its officers, agents, employees, representatives, and all persons in privity therewith be permanently enjoined and restrained from using on or in connection with the importation, sale, offering for sale, distribution, exhibition, display, or advertising of its goods under the Infringing Trademarks, or any other trademark in combination with other words or symbols, or any other marks or symbols that are confusingly or deceptively similar to, or colorably imitative of Plaintiff's EMOTIONAL SUPPORT Marks and/or Plaintiff's Registered Marks.

2.  THAT pursuant to 15 USC §1117, Defendant be directed to pay over to Plaintiff, any and all damages which it has sustained by consequence of Defendant's statutory and Common Law Trademark Infringement, False Designation of Origin, False Advertising, and Unfair Competition as enumerated herein.

3.  THAT the Court, on all claims for relief, grant an award of compensatory, consequential, statutory, and punitive damages to Plaintiff in an amount to be determined at trial.

4.  THAT Defendant and its officers, agents, employees, or representatives, and all persons in privity with Defendant not destroy but deliver up to this Court, pursuant to 15 U.S.C. §1118, all: molds, letterheads, advertising materials, computer programs in any language or format (including HTML, Java or other formats for use in internet web pages), labels, packages, containers, name plates, and any other printed or electronic matter of any nature, and any products in their possession bearing or using the Infringing Trademarks, or any other trademark either alone or in combination with other words or symbols, or any colorable imitation of Plaintiff's EMOTIONAL SUPPORT Marks, for the purposes of destruction thereof.

5. THAT the conduct of Defendant complained of herein be declared willful and as a result the amounts of actual damages be trebled as provided for in 15 U.S.C. §1117.

6. THAT pursuant to 15 U.S.C. §1117, Defendant be required to pay to Plaintiff the costs of this action, including its attorneys' fees and disbursements incurred.

7. THAT pursuant to 15 U.S.C. §1117, Defendant be directed to pay over to Plaintiff all of Defendant's profits, and any and all damages sustained by Plaintiff, plus the costs of the action.

8. THAT pursuant to 15 U.S.C. §1117, Defendant be directed to provide Plaintiff an accounting of all profits that they have obtained by consequence of Defendant's statutory and Common Law Trademark Infringement and Counterfeiting, and Unfair Competition, False Advertising and False Designation of Origin as enumerated herein.

9. THAT because of the willful nature of the infringement, the amounts of actual damages be trebled as provided for in 15 U.S.C. §1117(b).

10. For an award of statutory damages pursuant to 15 U.S.C. § 1117(c).

11. THAT Defendant be required to file with this Court and serve on Plaintiff a report in writing and under oath setting forth in detail the manner and form in which the Defendant has complied with the terms of the permanent injunction.

12. That judgment be entered against Defendant and finding Defendant has knowingly and willfully violated Section 501 of the Copyright Act (17 U.S.C. § 501).

13. That judgment be entered against defendant granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the

foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

 (a) manufacturing, distributing, marketing, advertising, promoting, displaying, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, display, or sell the Infringing Works and any services, advertisements, products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works;

 (b) reproducing, distributing, or publicly displaying the Copyrighted Works, creating any derivative works based on the Copyrighted Works, or engaging in any activity that infringes Plaintiff's rights in its Copyrighted Works; and

 (c) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b).

14. That Defendant be ordered to provide an accounting of Defendant's profits attributable to Defendant's infringing conduct, including Defendant's profits from sales of the Infringing Works and any services, products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works.

15. That Defendant be ordered to destroy or deliver up for destruction all materials in Defendant's possession, custody, or control used by Defendant in connection with Defendant's infringing conduct, including without limitation all remaining copies/inventory of the Infringing Works and any products, advertisements and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Works, as well as all means for manufacturing them.

16. That Defendant, at its own expense, be ordered to recall the Infringing Works from any distributors, retailers, vendors, or others that have distributed the Infringing Works

on Defendant's behalf, and any advertisements, products, works or other materials that include, copy, are derived from, or otherwise embody the Infringing Works or the Copyrighted Works, and that Defendant be ordered to destroy or deliver up for destruction all materials returned to it.

17. Awarding Plaintiff:

(a) Defendant's profits obtained as a result of Defendant's infringing conduct, including but not limited to all profits from sales and other exploitation of the Infringing Works and any advertisements, products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Works or the Copyrighted Works, or in the Court's discretion, such amount as the Court finds to be just and proper;

(b) damages sustained by Plaintiff as a result of Defendant's infringing conduct, in an amount to be proven at trial;

(c) should Plaintiff so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits;

(d) Any enhancements of such damages permitted under law; and

(e) Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505 or any other statute or law.

18. For a judgment awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

19. THAT Plaintiff be granted such other and further relief as this court deems just and equitable.

        Respectfully Submitted,

By:    s/ Jeffrey A. Lindenbaum
      Jeffrey A. Lindenbaum (JL-1971)
      Jess M. Collen (JC-2875)
      ROTHWELL, FIGG, ERNST & MANBECK, P.C.
      3 Manhattanville Road
      Purchase, New York 10577
      Tel. (914) 941-5668
      Fax. (914) 941-6091
      jlindenbaum@rothwellfigg.com
      *Attorneys for Plaintiff*

July 7, 2025